1

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT

8

FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

| | |
|---|---|
| **STACEY D. DYER,** | Case No. 1:16-cv-01726 MJS (HC) |
| Petitioner, | **FINDINGS AND RECOMMENDATION TO DISMISS SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2244(b)** |
| v. | **ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER** |
| **D.G. ADAMS, Warden,** | |
| Respondent. | |

17

18          Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas

19  corpus under 28 U.S.C. § 2254.

20          In the petition filed on November 15, 2016, Petitioner challenges a May 19, 2004

21  conviction in the Superior Court of California, County of Fresno for first degree murder,

22  second degree robbery, kidnapping, and various enhancements. Petitioner was

23  sentenced to an indeterminate state prison term of life without the possibility of parole.

24          A review of the Court's dockets and files shows Petitioner has previously sought

25  habeas relief with respect to this conviction. In case number 1:09-cv-00150-OWW-SMS

26  (HC), Petitioner challenged the same underlying conviction. On December 15, 2009, the

27  petition was denied on the merits. The denial was affirmed by the Ninth Circuit in a

28  published decision on February 6, 2013.  See Dyer v. Hornbeck, 706 F.3d 1134 (9th Cir.

1

1  2013).

2  **I.      Discussion**

3      A court must dismiss a second or successive petition that raises the same

4  grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  A court must also dismiss a second

5  or successive petition raising a new ground unless the petitioner can show that 1) the

6  claim rests on a new constitutional right, made retroactive by the United States Supreme

7  Court or 2) the factual basis of the claim was not previously discoverable through due

8  diligence, and these new facts establish by clear and convincing evidence that but for

9  the constitutional error, no reasonable factfinder would have found the applicant guilty of

10  the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court

11  that decides whether a second or successive petition meets these requirements; the

12  Petitioner must first file a motion with the appropriate court of appeals to be authorized to

13  file a second or successive petition with the district court.

14      Section 2244 (b)(3)(A) provides: "Before a second or successive application

15  permitted by this section is filed in the district court, the applicant shall move in the

16  appropriate court of appeals for an order authorizing the district court to consider the

17  application." In other words, Petitioner must obtain leave from the Ninth Circuit before he

18  can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S.

19  651, 656-657 (1996). This Court must dismiss any second or successive petition unless

20  the Court of Appeals has given Petitioner leave to file the petition because a district court

21  lacks subject-matter jurisdiction over a second or successive petition. Greenawalt v.

22  Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997).

23      Because the current petition was filed after April 24, 1996, the provisions of the

24  Antiterrorism and Effective Death Penalty Act of 1996 apply to Petitioner's current

25  petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997).  Petitioner makes no showing that

26  she has obtained prior leave from the Ninth Circuit to file her successive petition

27  attacking the conviction. That being so, this Court has no jurisdiction to consider

28  Petitioner's renewed application for relief under Section 2254 and must dismiss the

2

petition. <u>See</u> <u>Greenawalt</u>, 105 F.3d at 1277. If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, she must file for leave to do so with the Ninth Circuit. <u>See</u> 28 U.S.C. § 2244(b)(3).

## II.    Order and Recommendation

The Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED as successive.  Further, the Court ORDERS the Clerk of Court to assign a District Court judge to the instant matter.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   __November 17, 2016__        ___/s/ *Michael J. Seng*___
                                             UNITED STATES MAGISTRATE JUDGE